IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD METSKER                    )
WILMA METSKER,                     )
                                   )
                Plaintiffs,        )
                                   )
        v.                         )        Civil No. 1:06-cv-02132 RCL
                                   )
UNITED STATES,                     )
                                   )
                Defendant.         )

UNITED STATES' MOTION TO DISMISS

The United States moves to dismiss this action.  Plaintiffs' complaint should be

dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and (6) for lack of subject matter

jurisdiction and failure to state a claim upon which relief can be granted.

A memorandum of points and authorities in support of this motion and a

proposed order are submitted herewith.

DATE: February 27, 2007

                                        Respectfully submitted,

                                         /s/ Nicole M. Stoduto
                                        NICOLE M. STODUTO
                                        Trial Attorney, Tax Division
                                        U.S. Department of Justice
                                        Post Office Box 227
                                        Washington, DC 20044
                                        Telephone: (202) 616-9785
                                        Facsimile: (202) 514-6966
                                        Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| RICHARD METSKER | ) | |
| WILMA METSKER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil No. 1:06-cv-02132 RCL |
| | ) | |
| UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM IN SUPPORT OF THE
UNITED STATES' MOTION TO DISMISS

This is a suit brought under 26 U.S.C. § 7431 in an attempt to recover damages
allegedly caused by the Internal Revenue Service ("Service") disclosing confidential
return information.  Plaintiffs' complaint should be dismissed pursuant to Fed. R. Civ.
P. 12(b)(1) and (6) for lack of subject matter jurisdiction and failure to state a claim upon
which relief can be granted.

QUESTIONS PRESENTED

Section 7433(a) provides, with one exception not pertinent here, that it "shall be
the exclusive remedy for recovering damages" for unauthorized or improper collection
actions.  26 U.S.C. § 7433(a).  Plaintiffs' unauthorized disclosure claim relates to a notice
of federal tax lien and a notice of levy on wages and salary.  Can Plaintiffs recover
under 26 U.S.C. § 7431 when their claim is based on collection actions?

Section 7433(d)(1) requires the plaintiff to have "exhausted the administrative
remedies available to such plaintiff" before a judgment for damages may be awarded.

26 U.S.C. § 7433(d)(1). Plaintiffs have failed to meet their burden with respect to this requirement. Because the exhaustion of administrative remedies is a prerequisite to this type of claim, should Plaintiffs' claim be dismissed?

Section 6103 prohibits disclosures of "return information," except as permitted by the Internal Revenue Code. 26 U.S.C. § 6103. Pursuant to exceptions provided in section 6103, the Service is authorized to disclose return information in order to carry out the provisions of the Code relating to establishment of liens and levies. 26 U.S.C. § 6103(k)(6). Did the Service violate section 6103 in filing a notice of federal tax lien or mailing a notice of levy?

Whether a disclosure is authorized under section 6103 is in no way dependent upon the validity of the underlying lien or levy and consequently, section 7431 and section 7433 do not address the legitimacy of collection actions. Can Plaintiffs challenge the validity of the underlying assessments under 26 U.S.C. § § 7431 or 7433?

STATEMENT OF FACTS

1. <u>Introduction</u>

On December 14, 2006, Plaintiffs, acting *pro se*, filed their complaint. Plaintiffs seek to recover damages for the disclosure of return information by Service agents, both named and unnamed in the complaint. (Compl. ¶ 1.)

- 2 -

2.  <u>The present action for "wrongful disclosure" under section 7431</u>

Plaintiffs argue that they are the "victims of disclosures of confidential

information, unauthorized in the absence of record evidence of existing assessment(s)."

(<u>Id.</u> at ¶4.)  Plaintiffs further allege that Service agents caused a notice of federal tax lien

to be recorded with the Jasper County Recorder of Deeds, Carthage, Missouri and that

Service agents caused a notice of levy on wages and salary to be placed in the United

States mail.  (<u>Id.</u> at ¶ 5.)  Plaintiffs allege that the notice of federal tax lien and the notice

of levy, in absence of a "procedurally proper, valid assessment" wrongfully disclosed

tax return information, and these disclosures caused Plaintiffs substantial mental and

emotional distress and subjected them to the possibility of identity theft.  (<u>Id.</u> at ¶¶ 6 -

10.)

Plaintiffs base their cause of action in 26 U.S.C. § 7431, which they maintain

provides taxpayers with a cause of action for statutory and/or actual and punitive

damages against the United States in the event that a Service agent makes any unlawful

disclosure of return information in violation of 26 U.S.C. § 6103.  (<u>Id.</u> at ¶ 15.)

3.  <u>The present action for "wrongful collection" under section 7433</u>

Plaintiffs have also filed a suit against the United States under the authority of 26

U.S.C. § 7433.  <u>Metsker v. United States</u>, No. 1:05-cv-02457 RCL (D.D.C. filed December

23, 2005).[1]  Plaintiffs' section 7433 complaint alleges a variety of forms of misconduct by

the Service and challenges the collection activity and validity of the assessments.  (Id.)

On April 5, 2006, the United States filed a motion to dismiss this matter pursuant

to Fed. R. Civ. P. 12(b).  That action is currently pending.

ARGUMENT

**I.  Standard of Review**

When determining a motion to dismiss for lack of subject matter jurisdiction

under Fed. R. Civ. P. 12(b)(1), the court must give the plaintiff's factual allegations close

scrutiny because the plaintiff has the burden of proof to establish jurisdiction.  See, e.g.,

Macharia v. United States, 334 F.3d 61, 64, 69 (D.C. Cir. 2003); Grand Lodge of Fraternal

Order of Police v. Ashcroft, 185 F. Supp. 2d 9, 13 (D.D.C. 2001).  This scrutiny permits

the court to consider material outside of the pleadings in its effort to determine whether

it has jurisdiction.  See, e.g., Cronauer v. United States, No. 04-1355, 2006 WL 2708682,

at *2 (D.D.C. Sept. 20, 2006) citing EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d

621, 625 n.3 (D.C. Cir. 1997); Herbert v. Nat'l Acad. of Scis., 974 F.2d 192, 197 (D.C. Cir.

1992).

When determining a motion to dismiss for failure to state a claim upon which

relief can be granted under Fed. R. Civ. P. 12(b)(6), the court must view all of the

---

[1] The United States asks that the Court take judicial notice of the information contained in thecomplaint filed in this case.  Upon request, a court will take judicial notice of its own files.  Fed. R. Evid. 201(d); Hinton v. Stein, 278 F. Supp. 2d 27, 29 (D.D.C. 2003).

allegations and facts in the complaint in a light most favorable to the plaintiff, and must

grant the plaintiff the benefit of all inferences that can be derived from those facts.  <u>See</u>

<u>Barr v. Clinton</u>, 370 F.3d 1196, 1199 (D.C. Cir. 2004).  However, the court need not

accept as true legal conclusions couched as a factual allegations, inferences, or

conclusory allegations that are unsupported by facts set forth in the complaint.  <u>See</u>

<u>Trudeau v. Fed. Trade Comm'n</u>, 456 F.3d 178, 193 (D.C. Cir. 2006); <u>Kowal v. MCI</u>

<u>Communications Corp.</u>, 16 F.3d 1271, 1276 (D.C. Cir. 1994).

**II.  Section 7433 Is Plaintiffs' Exclusive Remedy**

Plaintiffs' section 7431 claim must be dismissed pursuant to Fed. R. Civ. P.

12(b)(1) because section 7433 of the Internal Revenue Code provides the exclusive

remedy for allegedly unauthorized or improper collection actions, and this Court

therefore lacks subject matter jurisdiction over this claim.  Disclosures of return

information allegedly made in the course of collection actions are subsumed within this

exclusive remedy.

Section 7433(a) provides:

> If, in connection with any collection of Federal tax with respect to a taxpayer, any
> officer or employee of the Internal Revenue Service recklessly or intentionally, or
> by reason of negligence, disregards any provision of this title, or any regulation
> promulgated under this title, such taxpayer may bring a civil action for damages
> against the United States in a district court of the United States.  Except as
> provided in Section 7432, such civil action <u>shall be the exclusive remedy for</u>
> <u>recovering damages resulting from such actions</u>.

26 U.S.C. § 7433(a) (emphasis added).  By its own terms, the statute is the "exclusive

remedy" for the violation of "any provision of this title" that occurs in the course of

- 5 -

federal tax collection.  Id.  Congress provided only one exception to section 7433's exclusivity, and that is section 7432.  Id.

Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433.  Cf. Miles v. Apex Marine Corp., 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").  Had Congress intended section 7431 to be an alternative or supplemental remedy to an action within the purview of section 7433, Congress would have included section 7431 as an exception along with section 7432.  Cf. Connecticut Nat'l Bank v. Germain, 503 U.S. 249, 253-54 (1992) ("We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The legislative history of section 7433 further supports the conclusion that Congress intended the statute to be the exclusive avenue of redress for all unauthorized collection actions.  The legislative history provides that "an action brought under this provision [section 7433] shall be the exclusive remedy for recovering damages resulting from reckless or intentional disregard of a provision of the Internal Revenue Code, or a regulation promulgated thereunder, by an IRS employee engaged in the collection of any Federal tax."  H.R. REP. NO. 100-1104, at 228-290 (1988), reprinted in 1988 U.S.C.C.A.N. 4515, 5288-89.

Judicial precedent also supports the exclusivity of section 7433.  In Shwarz v. United States, the Ninth Circuit held that section 7433 is the exclusive remedy for

alleged unauthorized disclosures of tax return information that occur in the course of collection activity, and barred a claim under section 7431 in such a case.  Shwarz v. United States, 234 F.3d 428 (9th Cir. 2000).  In Shwarz, the plaintiffs claimed that Service employees made unauthorized disclosures when a revenue officer filed an allegedly false declaration in support of an application to enter plaintiffs' place of business to effect a levy and when revenue officers posted seizure notices at plaintiffs' place of business.  Id.  Because the alleged unauthorized disclosures occurred in connection with tax collection activities, the court ruled that the suit had to proceed under section 7433 and not section 7431.  Id.  See also Elias v. United States, No. 90-0432, 1990 WL 264722, at *9 n.7 (C.D. Cal. Dec. 21, 1990) (noting that due to the then-recent enactment of section 7433, Congress did not intend for section 7431 suits to be maintained in situations arising from tax collection activities), aff'd mem., 974 F.2d 1341 (9th Cir. 1992).

This Court recently concurred in the holding in Shwarz and the exclusivity of section 7433.  Koerner v. United States, No. 06-1633, ___ F. Supp. 2d ___, 2007 WL 159716, at *4 (D.D.C. Jan. 23, 2007) ("Accordingly, § 7433 is plaintiffs' only possible avenue of recourse and the Court lacks subject matter jurisdiction to hear plaintiffs' claims under § 7431.").

In sum, section 7433 is the exclusive remedy for disclosures allegedly made during tax collection activities.  Plaintiffs' unauthorized disclosure claim relates to a notice of federal tax lien filed with the recorder of deeds and the mailing of a notice of

levy.  Accordingly, Plaintiffs' unauthorized disclosure claim relates to the Service's collection activities.  See Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at 2 (D.D.C. Aug. 16, 2001)(noting that notices of liens and levy are collection activities).

Because section 7433 is the exclusive remedy for unauthorized collection activities, this Court lacks subject matter jurisdiction and the claim should be dismissed under Fed. R. Civ. P. 12(b)(1).  To hold otherwise would enable a taxpayer, whose return information was disclosed as part of collection activity, to recover damages under both sections 7431 and 7433, or to elect the more favorable scheme of relief, depending on the alleged violation.  Congress' intent was not to allow a taxpayer to receive double recovery for the same conduct or to shop for the more favorable remedial scheme.

### III.  Plaintiffs' Claim Is Barred Because the Requirements of Section 7433 Have Not Been Met

Assuming arguendo that the Plaintiffs had properly brought their suit pursuant to section 7433, the Court should nonetheless dismiss Plaintiffs' complaint because the requirements of section 7433 have not been met.

It is well settled that the United States is immune from suit, unless its sovereign immunity has been waived.  Kentucky v. Graham, 473 U.S. 159, 165-67 (1985); Lehman v. Nakshian, 453 U.S. 156, 160 (1981); United States v. Testan, 424 U.S. 392, 399 (1976); United States v. Shaw, 309 U.S. 495, 500-01 (1940).  It is also fundamental that where the sovereign has waived immunity, no suit can be maintained unless it is in exact compliance with the terms of the statute under which the sovereign has consented to be

sued.  United States v. Nordic Village, Inc., 503 U.S. 30 (1992); United States v. King, 395

U.S. 1, 4, 89 (1969); United States v. Sherwood, 312 U.S. 584, 596 (1947).

Under section 7433(d)(1), prior to bringing suit in federal district court for

damages, taxpayers must exhaust their administrative remedies.  26 U.S.C. § 7433(d)(1).

"A judgment for damages shall not be awarded under [section 7433] subsection (b)

unless the court determines that the plaintiff has exhausted the administrative remedies

available to such plaintiff within the Internal Revenue Service."  Id.

The Secretary of the Treasury of the United States has promulgated regulations

governing the administrative claim for damages under section 7433.  26 C.F.R. §

301.7433-1(e).  The regulations provide that --

> An administrative claim for the lesser of $1,000,000 ($100,000 in the case of
> negligence) or actual, direct economic damages...shall be sent in writing to the
> Area Director, Attn; Compliance Technical Support Manager of the area in which
> the taxpayer currently resides.

Id.  The taxpayer must send a written administrative claim for damages to the area

director in the district in which the taxpayer lives, and such claim must include the

following: (1) the grounds for the claim; (2) a description of the injuries incurred by the

taxpayer; (3) the dollar amount of the claim, including any damages not yet incurred

but that are reasonable foreseeable; and (4) the signature of the taxpayer.  26 C.F.R. §

301.7433-1(e)(1) and (2).  Failure to comply with this regulation deprives a court of

jurisdiction.  See Venen v. United States, 38 F.3d 100, 103 (3d Cir. 1994); Conforte v.

United States, 979 F.2d 1375 (9th Cir. 1992); Glass v. United States, 424 F. Supp. 2d 224,

227 (D.D.C. 2006); McGuirl v. United States, 360 F. Supp. 2d 125 (D.D.C. 2004).

"In a § 7433 action, the plaintiffs bear 'the burden of demonstrating an explicit waiver of the government's sovereign immunity from suit.'" <u>Holt v. Davidson</u>, 441 F. Supp. 2d 92, 96 (D.D.C. 2006) (citing <u>People of Cal. ex. rel. Ervin v. Dist. Dir.</u>, 170 F. Supp. 2d 1040, 1048 (E.D. Cal. 2001)).  In the instant matter, Plaintiffs make no assertions concerning their pursuit of administrative remedies, therefore Plaintiffs have not met their burden in proving exhaustion of administrative remedies.  As a result, Plaintiffs have not adequately met their burden in alleging that the United States has unequivocally waived its sovereign immunity, therefore this Court does not have jurisdiction over this claim and should dismiss the complaint.[2]

### IV.  Plaintiffs Fail to State a Claim Because There Was No Unlawful Disclosure

But even if this case were properly before the Court under 26 U.S.C. §§ 7431 or 7433, Plaintiffs have not alleged sufficient facts upon which to posit a violation of 26

---

[2] There is conflicting case law in the Court concerning whether the failure to exhaust administrative remedies under section 7433 should be analyzed as a jurisdictional issue or as a failure to state a claim under Fed. R. Civ. P. 12(b)(6). <u>Compare</u> <u>Turner v. United States</u>, 429 F. Supp. 2d 149, 154 (D.D.C. 2006); <u>Ross v. United States</u>, 460 F. Supp. 2d 139, 139 (D.D.C. 2006) <u>with</u> <u>Glass v. United States</u>, 424 F. Supp. 2d 224, 227 (D.D.C. 2006); <u>Holt v. Davidson</u>, 441 F. Supp. 2d 92, 95 (D.D.C. 2006); <u>McGuirl v. United States</u>, 360 F. Supp. 2d 125 (D.D.C. 2004).  It is the position of the United States that, as a term of consent to the waiver of sovereign immunity, the requirement of administrative exhaustion under section 7433 is by definition a part of the court's jurisdiction to entertain the suit.  However, because the instant matter was brought pursuant to section 7431 rather than section 7433 and the basis of dismissal for failure to exhaust administrative remedies under section 7433 is only an ancillary issue, the United States respectfully moves to dismiss the action pursuant to 12(b)(1), or in the alternative, 12(b)(6).

U.S.C. § 6103, and therefore the matter should be dismissed under Fed. R. Civ. P. 12(b)(6).

Section 7431 provides civil damages when there is a negligent or willful violation of section 6103, other than in the collection process. 26 U.S.C. § 7431. Section 7433 protects taxpayers from negligent or intentional violations of section 6103, *inter alia*, in the collection process. 26 U.S.C. § 7433. Section 6103(a) is a general taxpayer privacy-protection statute, and states the general rule that return information shall be confidential, and that, except as authorized, such information shall not be disclosed. Church of Scientology of California v. Internal Revenue Service, 484 U.S. 9, 10 (1987); see also Koerner v. United States, No. 06-1633, ___ F. Supp. 2d ___, 2007 WL 159716, at *5 (D.D.C. Jan. 23, 2007) ("[N]ot all disclosures of tax return information violated § 6103."). The Internal Revenue Code contains a number of specific and several general exceptions to this rule of non-disclosure. Specifically, section 6103(k)(6) provides:

> An internal revenue officer or employee may, in connection with his official duties relating to any...collection activity...disclose return information to the extent that such disclosure is necessary in obtaining information, which is not otherwise reasonably available...with respect to the enforcement of any other provisions of this title. Such disclosures shall be made only in such situations and under such conditions as the Secretary may prescribe by regulation.

26 U.S.C. § 6103(k)(6).

The Secretary of the Treasury has promulgated regulations enumerating the specific circumstances under which disclosures may be made pursuant to section 6103(k)(6). Because section 6103(k)(6) directs the Secretary of the Treasury to promulgate regulations controlling the situations and conditions under which

disclosure is permitted, the resulting regulations are so-called "legislative regulations," and are entitled to special deference from the courts. See, e.g., Chrysler Corp. v. Brown, 441 U.S. 281, 301-03 (1979).  Regulation 301.6103(k)(6)-1T(a) states:

> [A]n internal revenue employee...in connection with the performance of official duties relating to any...collection activity...may disclose return information of any taxpayer, to the extent necessary to obtain information relating to such official duties, including, but not limited to-
> (vi) ...to locate assets in which the taxpayer has an interest...[and] to apply the provisions of the Code relating to establishment of liens against such assets.

26 C.F.R. § 301.6103(k)(6)-1T(a) (2003) (emphasis added).  Moreover, there is explicit authority in the Internal Revenue Code to levy a taxpayer's salary and wages.  26 U.S.C. §6331(a);  see also Treas. Reg. § 301.6331-1(c) (providing that levies may be served by mail).

Section 6103(k)(6) and the pertinent regulations "plainly indicate that disclosure of return information necessary to accomplish collection activities, including the service of levies... and the filing of notices of federal tax liens, is exempt from the general disclosure prohibition of Section 6103(a)." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990), aff'd mem., 974 F.2d 1341 (9th Cir. 1992); see also, Long v. United States, 972 F.2d 1174, 1180 (10th Cir. 1993) ("6103(k)(6) authorizes an IRS employee to disclose tax return information in the issuance of liens."); Mann v. United States, 204 F.3d 1012, 1018 (10th Cir. 2000) ("6103(k)(6) and the relevant regulations do permit disclosure of tax return information when made in notices of lien."); Opdahl v. United States, No. 98-0262, 2001 WL 1137296, at (D.D.C. Aug. 21, 2001) ("Federal courts have held that disclosure of return information in notices of levy is 'necessary to the

collection activity' and thus falls within the § 6103(k)(6) exemption. The limited information concerning plaintiff's tax deficiencies included in the notice of lien and levies was 'necessary to the collection activity' and did not violate 26 U.S.C. § 7431.") (internal citations omitted). This Court has recently upheld this argument in a case nearly identical to the present one, and held that "under § 6103(k)(6) and related Treasury regulations, plaintiffs have failed to state a claim under § 7431." Koerner v. United States, No. 06-1633, 2007 WL 159716, at *6 (D.D.C. Jan. 23, 2007).

In the instant case, it cannot be disputed that the notice of federal tax lien and levy were made in connection with the official duties of the Service in attempting to collect Plaintiffs' tax liabilities. The actions of the Service agents in this case properly fall under the protection of section 6103(k)(6), therefore there can be no liability under sections 7431 or 7433. As a result, Plaintiffs' complaint should be dismissed.

### V. Plaintiffs Cannot Challenge the Validity of the Underlying Lien or Levy Under Section 7431 or 7433.

Plaintiffs allege that the notice of federal tax lien and the notice of levy were unsupported by evidence of a procedurally proper, valid assessment. (Compl. ¶¶ 6, 7.)

Sections 7431 and 7433 do not address the legitimacy of the collection process, and "whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy." Elias v. United States, No. 90-0432, 1990 WL 264722, at *5 (C.D. Cal. Dec. 21, 1990); accord, Mann v. United States, 204 F.3d at 1020 ("We … agree with *** the majority of courts which have considered the issue that there is nothing in § 6103 which requires that the underlying means of disclosure

- 13 -

be valid before the safe harbor of § 6103(k)(6) applies."); <u>Wilkerson v. United States</u>, 67

F.3d 112, 116 (5th Cir. 1995) ("The plain language of the Internal Revenue Code supports

the *** contention that the validity of the underlying collection activity is irrelevant in

determining whether a disclosure is wrongful."); <u>Venen v. United States</u>, 38 F.3d 100,

106 (3d Cir. 1994) ("[T]he propriety of the underlying collection action…is irrelevant to

whether disclosure is authorized under section 6103."); <u>Bleavins v. United States</u>, 807 F.

Supp. 487, 489 ("[Section] 7431 does not apply to disputed merits of an assessment; it

only addresses civil damages for disclosure violations of § 6103."), <u>aff'd</u>, 998 F.2d 1016

(7th Cir. 1993) (table); <u>Tomlinson v. United States</u>, No. C89-1518D, 1991 WL 338328, *3

(W.D. Wash. Aug. 20, 1991) (adopting the position that the validity of the underlying

lien is irrelevant), <u>aff'd</u>, 977 F.2d 591 (9th Cir. 1992); <u>Flippo v. United States</u>, 670 F. Supp.

638, 643 (W.D.N.C. 1987) ("As a threshold matter the validity of the underlying lien and

levy is wholly irrelevant to the disclosure issue."), <u>aff'd</u>, 849 F.2d 604 (4th Cir. 1988); <u>cf.</u>,

26 C.F.R. § 301.6103-1T(c)(2)[Example] ("The ultimate validity of the underlying levy is

irrelevant to the issue of whether the disclosure was authorized by section 6103(k)(6)".).

Plaintiffs cannot attack the validity of the underlying assessments pursuant to 26

U.S.C. §§ 7431 or 7433 and therefore the matter should be dismissed under Fed. R. Civ.

P. 12(b)(6).

## CONCLUSION

Plaintiffs' exclusive remedy is found in section 7433, therefore the complaint

should be dismissed.  In the alternative, Plaintiffs have not exhausted their

- 14 -

administrative remedies under the Code, therefore the complaint should be dismissed.

In the alternative, there has been no violation of section 6103, and Plaintiffs' claim of an

invalid assessment does not change this result, therefore the complaint should be

dismissed.

DATE: February 27, 2007

Respectfully submitted,


<u>                                         </u>   /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD METSKER<br>WILMA METSKER,<br><br>         Plaintiffs,<br><br>   v.<br><br>UNITED STATES,<br><br>         Defendant. | )<br>)<br>)<br>)<br>)<br>)   Civil No. 1:06-cv-02132 RCL<br>)<br>)<br>)<br>) |

NOTICE OF RELATED CASES

Save for the identity of the plaintiffs, the complaints in the following cases are nearly identical to that filed in this matter:

1. Grant North v. United States, Civil No. 1:06-cv-1516-EGS

2. Robert J. & Lisa L. Welzel v. United States, Civil No. 1:06-cv-1580-RBW

3. Will H. & Mary Catherine LaRue v. United States, Civil No. 1:06-1495-RBW

4. LaVern & William S. Koerner v. United States, Civil No. 1:06-cv-1633-ESH

5. Stephen J. and Patricia Lindsey v. United States, Civil No. 1:06-cv-1409-RBW

6. Rebekah H. Miller v. United States, Civil No. 1:06-cv-1525-RMU

7. Roy A. Watson v. United States, Civil No. 1:06-cv-1594-EGS

8. Bruce R. Travis v. United States, Civil No. 1:06-cv-1584-RCL

9. Paul B. Evans v. United States, Civil No. 1:06-cv-1713-JDB

10. Mary H. & Robert W. Rhodes, III v. United States, Civil No. 1:06-cv-1840-EGS

11. Rudolf & Glenda Luscher v. United States, Civil No. 1:06-cv-1617-PLF

12. Eleanor M. Glass v. United States, Civil No. 1:06-cv-1619-ESH

13. Colby Dill v. United States, Civil No. 1:06-cv-1557-HHK

14. Lowell Martin v. United States, Civil No. 1:06-cv-1624-JDB

15. Jack D. Thrasher v. United States, Civil No. 1:06-cv-1623-GK

16. Norman E. & Carole M. Curfman v. United States, Civil No. 1:06-cv-1987-RMC

17. Stephen P. Foryan v. United States, Civil No. 1:06-cv-1947-RBW

18. James T. O'Connor v. United States, Civil No. 1:06-cv-1891-HHK

19. Robert Powell v. United States, Civil No. 1:06-cv-1860-RJL

20. Lee F. Garvin v. United States, Civil No. 1:06-cv-1735-RBW

21. Edward J. Link v. United States, Civil No. 1:06-cv-2113-GK

22. Manfred R. & JoAnn Stockwell v. United States, Civil No. 1:06-cv-1517-ESH

23. Jimmie D. & Pamela A. Ross v. United States, Civil No. 1:06-cv-1774-HHK

24. Thomas & Doris Moorehouse v. United States, Civil No. 1:06-cv-2152-EGS

25. Linda Lykens v. United States, Civil No. 1:07-cv-20-JDB

26. Don & Beverley Ahrens v. United States, Civil No. 1:07-35-RMU

//

//

//

//

//

Indeed, not only are the complaints in these cases nearly identical, but many of the plaintiffs listed above have also filed previous complaints alleging unlawful disclosure under 26 U.S.C. § 7433, and such complaints are also nearly identical to one another.

DATE: February 27, 2007

Respectfully submitted,

 /s/ Nicole M. Stoduto
NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6866
Email: Nicole.M.Stoduto@usdoj.gov

OF COUNSEL:
JEFFREY A. TAYLOR
United States Attorney

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

RICHARD METSKER                    )
WILMA METSKER,                     )
                                   )
            Plaintiffs,            )
                                   )
        v.                         )        Civil No. 1:06-cv-02132 RCL
                                   )
UNITED STATES,                     )
                                   )
            Defendant.             )

O R D E R

Having considered the United States' motion to dismiss, memorandum in

support thereof, and any oppositions and replies thereto, the Court concludes that the

motion ought to be granted.  Accordingly, it is this _____ day of _____,

2007, at Washington, District of Columbia,

        ORDERED that the United States' motion to dismiss be and is GRANTED;

        ORDERED that Plaintiffs' complaint be and is DISMISSED WITH PREJUDICE,

and it is further

        ORDERED that the clerk shall distribute conformed copies of this order to the

parties and representatives of the parties listed below.


_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, DC 20044
Telephone: (202) 616-9785
Facsimile: (202) 514-6966
Email: Nicole.M.Stoduto@usdoj.gov

RICHARD METSKER
Plaintiff *pro se*
13369 Ellipse Lane
Carthage, Missouri 64836

WILMA METSKER
Plaintiff *pro se*
13369 Ellipse Lane
Carthage, Missouri 64836

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RICHARD METSKER | ) |
| WILMA METSKER, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )     Civil No. 1:06-cv-02132 RCL |
| | ) |
| UNITED STATES, | ) |
| | ) |
| Defendant. | ) |

<u>CERTIFICATE OF SERVICE</u>

IT IS CERTIFIED that the foregoing UNITED STATES' MOTION TO DISMISS,

MEMORANDUM, ORDER, and NOTICE OF RELATED CASES were caused to be

served upon Plaintiffs *pro se* on the 27th day of February, 2007, by depositing a copy in

the United States' mail, postage prepaid, addressed as follows:

Richard Metsker
13369 Ellipse Lane
Carthage, Missouri 64836

Wilma Metsker
13369 Ellipse Lane
Carthage, Missouri 64836.


      /s/ Nicole M. Stoduto
_____NICOLE M. STODUTO