RECEIVED

APR 2 3 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Richard Metsker, *et ux* ) | |
| ) | CASE NO. 1:06-cv-02132 RCL |
| vs, ) | |
| ) | RESPONSE TO MOTION TO DISMISS |
| UNITED STATES ) | |

Defendant, by and with the assistance of counsel, is trying to use IRC § 7433 as though it repeals § 7431. Both demonstrate knowledge, p. 5, that such is not the case:

> "Section 7431 was added to the Internal Revenue Code six years before section 7433, and Congress must necessarily have been aware of section 7431 when it enacted section 7433. *Cf. Miles v. Apex Marine Corp.*, 498 U.S. 19, 32 (1990) ("We assume that Congress is aware of existing law when it passes legislation.").

Additionally, defendant and counsel appear to be attempting to treat Plaintiff's 7431 as though it is a collection action. Defendant and counsel know very well that 7431 and 7433 are stand alone sections of the code and that they operate independently of each other. 7431 deals with unlawful disclosure. 7433 deals with disregarding any section of the code and/or its regulations.

The purpose of the Federal Tax Lien Act of 1966, 26 U.S.C. §§ 6321, 6323, was to fit tax liens into the priority scheme of the Uniform Commercial Code. *Pine Builders, Inc. v United States* (1976, ED Va) 413 F Supp 77, 76-1 USTC 9402, 19 UCCRS 306, 37 AFTR 2d 76-1361. Defendant and counsel admit, p. 12, that the purpose of the

disclosure was <u>other than collection</u>:

> "Had the information not have been disclosed, creditors of the Plaintiff would have no way to discover the existence of the liens. "Indeed, the purpose of recording the lien...is to place the public on notice of the lien." William E. Schrambling Accountancy Corp. v. United States, 397 F.2d 1485, 1489 (9th Cir. 1991)."

It is well settled in the courts - and counsel has herself asserted - that §§ 7431 and 7433 do not address the legitimacy of the collection process, and that whether a disclosure is authorized under § 6103 is in no way dependent upon the validity of the underlying summons, lien or levy. The plain language of the internal Revenue Code supports the contention that the validity of the underlying collection activity is irrelevant in determining whether a disclosure is wrongful. The propriety of the underlying collection action is irrelevant to whether disclosure is authorized under section 6103. Section 7431 does not apply to disputed merits of an assessment; it only addresses civil damages for disclosure violations of § 6103.

While defendant and counsel attempt to use excerpts from *William E. Schrambling Accountancy Corp. v. United States*, 937 F.2d 1485, 1490 (9th Cir. 1991), as support, the Court should note that these excerpts, if taken as presented, purport to authorize disclosing confidential information in the public domain, so that the disclosure of the confidential information in the public domain may then be excused because the confidential information is, post disclosure, in the public domain; the absurdity of this circuitous reasoning should result in the Court finding the out-of-Circuit excerpts unpersuasive.

As stated above and as a threshold matter the validity of the underlying lien and

levy is wholly irrelevant to the disclosure issue. This makes defendant's argument frivolous, without merit and without any basis whatsoever in law or in fact.

Alternatively, defendant's assertions that the filing of a Notice of Federal Tax Lien is "in connection with" collection of tax, and is therefore to be addressed under section 7433 rather than section 7431, defendant's arguments still fail.

Defendant asserts that this 7431 action should be a 7433 action, and that the Court lacks jurisdiction, and, alternatively, that the action should be dismissed for failure to state a claim because Plaintiff has not alleged exhaustion of remedies under 7433. Addressing these assertions in their given order:

As established in *Turner v. United States*, 429 F.Supp.2d 149 (D.D.C. 2006), in *Lindsey v. United States*, 448 F.Supp.2d 37 (D.D.C. 2006), and their progeny, the Court's *subject matter* jurisdiction under section 7433 was verified by the Supreme Court decision in *Arbaugh v. Y & H Corp.*, 126 S.Ct. 1235 (2006)[1], decided February 22, 2006, in which the Supreme Court examined "essential element of a claim" with respect to factual matters. *Arbaugh*, at 1240. Citing to *Reeves v. Sanderson Plumbing Products, Inc.*, 530 U. S. 133, the *Arbaugh* Court reiterated:

> "If satisfaction of an essential element of a claim is at issue, however, the jury is the proper trier of contested facts."

Plaintiff asserts that the Complaint met the "notice pleading" requirements set forth in Fed.R.Civ.P. 8(a), and *Conley v. Gibson*, 355 U.S. 41[2], and that defendant's

---

[1] *Arbaugh*'s effect on "failure to state a claim" is addressed below, and discussed more fully in Plaintiff's RELIEF MEMO, ¶ ____.

[2] "(b) Failure of the complaint to set forth specific facts to support its general allegations of discrimination was not a sufficient [355 U.S. 42] ground for dismissal of the suit, since the Federal Rules of Civil Procedure do not require a claimant to set out in detail the facts upon which he

Motion to Dismiss, insofar as it asserted "failure to state a claim", pre-empts the jury's authority as the "proper trier" of the contested "essential element" of exhaustion of "*administrative remedies* <u>available</u>" as described in IRC § 7433(d)[3], [4]. Further,

Plaintiff's contention is supported by *Jones v Bock* (Nos. 05-7058 and 05-7142) __ U.S. ____, (Argued: October 30, 2006 -- Decided: January 22, 2007), in which the Honorable Roberts, C.J., opined that:

> "Failure to exhaust is better viewed as an affirmative defense. Federal Rule of Civil Procedure 8(a) requires simply a 'short and plain statement of the claim' in a complaint..."

and that,

> "The fact that the [statute at issue]...is silent on the issue whether exhaustion must be pleaded or is an affirmative defense, is strong evidence that the usual practice should be followed, and the practice under the Federal Rules is to regard exhaustion as an affirmative defense..."

Chief Justice Roberts also reiterated:

> "Courts should generally not depart from the Federal Rules' usual practice based on perceived policy concerns. See, e.g., Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163,"[5]

and,

> "Given that the [statute at issue] does not itself require plaintiffs to plead exhaustion, such a result 'must be obtained by amending the Federal Rules, and not by judicial interpretation.' Leatherman, supra, at 168. Pp. 10-16."

---

bases his claim." Pp. 47-48.

[3] Plaintiff asserts that "the court" contemplated in IRC § 7433(d) comprises, for purposes of factual determinations, both the judge and the jury.

[4] The Congressional language of 7433(d) is further addressed below.

[5] Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U. S. 163 Held: A federal court may not apply a "heightened pleading standard" -- more stringent than the usual pleading requirements of Federal Rule of Civil Procedure 8(a).

7433(d)'s language - "unless the court determines" - in the common English to which *Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837 (1984) referred, Id., 861, calls for a determination of fact; clearly within the province of the jury. *Arbaugh*, 1240; *Reeves*. Thus, motion to dismiss on grounds of "failure to state a claim" can be, and, based upon the Congressional language, is, more properly brought after the Court (see footnote 7) has had the opportunity to make a factual determination with respect to exhaustion of available administrative remedies, and even the availability of such remedies.

Defendant could not seriously assert prejudice by the jury's trial of the affirmative defense, since Fed.R.Civ.P 12(h)(2) allows a Motion to Dismiss for "failure to state a claim" any time prior to judgment, to wit:

> "A defense of failure to state a claim upon which relief can be granted...may be made in any pleading permitted or ordered under Rule 7(a)[6], or by motion for judgment on the pleadings, or at the trial on the merits." Fed.R.Civ.P 12(h)(2) (emphasis added)

Counsel's assertions of a lack of jurisdiction and failure to state a claim under 7433 are "in the teeth" of both *Arbaugh* and *Jones*.

**WHEREFORE**, plaintiff requests that judgement be entered in his favor against the United States for actual and punitive damages, the costs of this action,

---

[6]"Pleadings permitted" are limited to "complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14; and a third-party answer, if a third-party complaint is served. No other pleading shall be allowed, except that the court may order a reply to an answer or a third-party answer." (Emphasis added)

expungement of the aforementioned notices and such other and further relief to which plaintiff is) entitled.

Dated  *April 18*  , 2007

*Richard Metsker*
Richard Metsker

*Wilma Metsker*
Wilma Metsker

copies mailed this 18th day of April, 2007, to:

NICOLE M. STODUTO
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Washington, D.C. 20044